**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jeffery MARSHALL, Defendant—
Appellant.**

No. 09–30070.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Rebekah J. French, Assistant U.S., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

James B. Obie, Obie Law, P.C., Helena, MT, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Jeffery Marshall appeals from the 200–month sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Marshall contends that the within-Guidelines range sentence is substantively unreasonable because the district court's application of the career offender enhancement over-represented the seriousness of his past offenses. The record reflects that the district court gave thorough consideration to Marshall's arguments in support of his request for a sentence below the Guidelines range, but found the circumstances insufficient to warrant such a sentence. Furthermore, the district court conducted a reasoned and thorough analysis of the 18 U.S.C. § 3553(a) factors prior to imposing a sentence toward the lower end of the advisory Guidelines range. Accordingly, the sentence imposed is substantively reasonable. *See United States v. Stoterau*, 524 F.3d 988, 999–1002 (9th Cir.2008).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).